UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR RIVERA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO SHERIFF'S DEPARTMENT,<br><br>　　　　　　　　　Defendant. | Case No.: 17cv1848-LAB (AGS)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**ORDER OF DISMISSAL** |

　　Plaintiff Cesar Rivera, proceeding *pro se*, filed a civil rights complaint bringing claims under 42 U.S.C. § 1983,[1] along with a motion to proceed *in forma pauperis* (IFP). The IFP motion shows Rivera lacks funds to pay the filing fee, and is **GRANTED**.

　　The Court is required to screen the complaint of any plaintiff proceeding IFP and to dismiss it to the extent it is "frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[1] Although the caption identifies *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) as the basis for Rivera's claims, Rivera is suing county officials acting under color of state law. The Court therefore liberally construes his complaint as being brought under § 1983.

1

Rivera alleges several officers within the San Diego County Sheriff's Department violated Rivera's rights and the rights of others held in a local jail facility. Beginning on September 21, 2016, he says, the jail was placed on a 20-day lockdown. During that time, prisoners were not allowed to shower, but had to take sponge baths in their cells, while squatting over their toilets.[2] He also alleges prisoners were not provided with hygiene packs, which meant they had only a little soap. The complaint cites 15 Cal. Code Regs. § 1266 as requiring that inmates be allowed to shower or bathe at least every other day. Rivera says he complained unsuccessfully. The complaint does not identify any other abuses, but says this amounted to cruel and unusual punishment. Rivera is no longer in custody.

This is the second time Rivera has raised these claims. In the first case, 16cv2979-LAB (JLB), *Rivera v. Murillo,* et al.*,* filed December 6, 2016, the Court screened and dismissed the complaint for failure to state a claim. (*See* Docket no. 6 in case 16cv2979.) When Rivera failed to file an amended complaint, the Court on July 24, 2017 dismissed the case both for failure to state a claim and for failure to prosecute. (*See* Docket nos. 8 and 9 in case 16cv2979.) Although Rivera has alleged slightly different facts, he has again failed to state a claim. Furthermore, because he is no longer in custody, any claim he might have had for injunctive relief is moot; the only relief he can seek is damages.

To show an Eighth Amendment violation, a prisoner must allege facts sufficient to fulfill two requirements: one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The objective element involves only "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Uncomfortable or even harsh living conditions do not implicate the Eighth Amendment. *Id.* Instead, only "extreme

---

[2] In his complaint in the earlier case, Rivera alleged that they were denied showers for only 96 hours, *i.e.*, every four days. (Case 16cv2979, Docket no. 1 at 3.) For purposes of this case, the Court will assume they were not allowed to shower at all during the 20-day lockdown.

deprivations" will give rise to the level of a constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes*, 452 U.S. at 347). The Court considers the circumstances and duration of a deprivation of necessities in determining whether the Eighth Amendment has been violated. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

According to the complaint, the facility was on lockdown, meaning security concerns were higher than normal, albeit for a temporary period. Requiring prisoners to take sponge baths instead of showers for 20 days might violate state regulations, but it does not amount to cruel and unusual punishment. *See, e.g., Murillo v. Bueno*, 2013 WL 1731393, at *2 (E.D. Cal., Apr. 22, 2013) (citing cases for the principle that being deprived of a shower for several days does not violate the Constitution); *Clark v. Williams*, 2011 WL 304585, at *2 (D. Nev. Jan. 28, 2011) (citing *Davenport v. De Robertis*, 844 F.2d 1310, 1316 (7th Cir. 1988)) (holding that the Constitution, at most, requires that prisoners be allowed to shower once per week). The fact that they only had a little soap and were deprived of some unspecified hygiene items during this time does not change the analysis.

Admittedly, 20 days is a fairly long period of time to be deprived of showers, but at least two factors mitigate the seriousness of the deprivation. First, Rivera was provided with a way to keep clean, even if was not ideal. See *Unknown Parties v. Johnson*, 2016 WL 8188563, slip op. at *11 (D. Ariz., Nov. 18, 2016) (citing *Shakka v. Smith*, 71 F.3d 162, 168 (4th Cir. 1995)) (explaining that providing prisoners with alternative ways of keeping clean can avert a constitutional violation). Second, the facility was on lockdown at that time, indicating heightened security concerns. *See Hoptowit v. Ray*, 682 F.2d 1237, 1257 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (holding that prison officials have considerable leeway to suspend some

///

services and to be more restrictive than usual during emergencies).  Rivera has not alleged facts suggesting that the lockdown was unnecessary, unreasonable, or pretextual.

Rivera has also not alleged any facts to suggest that the subjective component of his claim is met.  Specifically, he does not allege any facts suggesting that officers acted with deliberate indifference to his health or safety.  *See Lemire v. Cal. Dept. of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013).

The fact that state prison regulations require that prisoners be provide with showers more frequently does not give rise to a § 1983 claim.  Section 1983 is "a method for vindicating federal rights," not rights conferred by the state. *Graham v. Connor*, 490 U.S. 386, 393–394 (1989); *West v. Atkins*, 487 U.S. 42, 48 (1988).

Finally, even if Rivera could show the Sheriff's Department, or officers in it, violated his Eighth Amendment rights, it does not appear that reasonable officials in their position would have been aware that they were violating his rights.  There does not appear to be any authoritative law that would have put them on notice that denying prisoners showers and some hygiene items but allowing them to take sponge baths in their cells during a 20-day lockdown amounts to a constitutional violation. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (holding that officials are entitled to qualified immunity when their conduct does not violate a clearly established statutory or constitutional right of which a reasonable person would have known).

The complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.  If Rivera thinks he can successfully amend to correct the defects this order has identified, he may file an amended complaint no later than **Monday, October 2, 2017**.  **If he does not file an amended complaint within the time permitted, this action will be dismissed without leave to amend, for failure to prosecute.**

**IT IS SO ORDERED**.

Dated: September 14, 2017

*[signature]*

Hon. Larry Alan Burns
United States District Judge