UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CESAR RIVERA, | Case No.: 17cv1848-LAB (AGS) |
|---|---|
| Plaintiff, | **ORDER DENYING AS MOOT MOTION TO CORRECT ERRORS; AND** |
| v. | |
| SAN DIEGO SHERIFF'S DEPARTMENT, | |
| Defendant. | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

In an earlier case, 16cv2979-LAB (JLB), *Rivera v. Murillo*, the Court screened and dismissed Plaintiff Cesar Rivera's complaint for failure to state a claim. When he failed to file an amended complaint as directed, the case was dismissed for failure to prosecute. He then initiated this new case by filing a complaint and a motion to proceed *in forma pauperis*. The Court granted him leave to proceed *in forma pauperis*, conducted the mandatory screening required under 28 U.S.C. § 1915(e)(2)(B), and dismissed his complaint for failure to state a claim. If he thought he could successfully amend, Rivera was ordered to file an amended complaint no later than October 2, 2017.

Rivera's claims arise from a time when he was in jail. The facility where he was being held was put on lockdown for 20 days. Instead of being provided with regular showers and hygiene packs as required under the California Penal Code, Rivera alleges they had only a little soap and had to wash in their cells. In the earlier case, Rivera

alleged that they were not allowed to shower for a 96-hour period (*i.e.*, four days). He now alleges they were not allowed access to the showers for the entire 20-day period. For purposes of the screening, the Court accepted his new allegations. Rivera has since been released from custody.

Rivera has now filed a motion, styled "Motion to Correct Errors and Amendment. Request for Appointment of Counsel." His motion begins by asking the Court to amend and correct his complaint. After this, Rivera says the Sheriff's department "did not give me the right paper work to state my claim." (Docket no. 4 at 2:1–2.) He then says he is attaching a form "to request to motion to vacate, set aside, or correct sentence" and also one for appointment of counsel. This is followed by a few allegations about his claim.

Rivera is not a prisoner, and is not entitled to have Defendant provide him with legal forms. In spite of his remarks about vacating his sentence, he is attempting to bring a civil rights action based on the temporary showering restrictions while he was in custody. He adds a handful of allegations, most of which are repeated from the complaint the Court dismissed earlier. Rivera then asks the Court to "accept my documents as corrections to my case." The Court construes the first part of Rivera's motion as his attempt to amend. This is unacceptable for two reasons.

First, Rivera was ordered to file an amended complaint, not just to write down some allegations and ask the Court to add them for him. Second, even if the allegations were added to Rivera's complaint, they would not change anything. Most of the allegations he mentions were already included in his dismissed complaint, and the Court's earlier order explains why those are not enough. The only new allegation he mentions is that restricting access to showers put him at risk of getting a skin infection. But he does not allege he got a skin infection. And because he is no longer in custody, there is apparent risk of any future harm. To the extent Rivera believes these additional allegations would salvage his claims, he is mistaken. His request to have the Court add these allegations to his complaint for him is **DENIED**.

///

Rivera also asks the Court to appoint an attorney for him. He attaches a form saying he contacted three attorneys while his earlier case was pending. Two of them said they could not handle his case and one never called him back. His form says he is convinced he has a good case but can't successfully represent himself because he doesn't understand the law.

There is generally no right to appointed counsel in civil cases. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). But under exceptional circumstances, the Court may request an attorney to represent an indigent party in a civil action. 28 U.S.C. §1915(e)(1). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id*. (internal citations omitted).

The facts underlying Rivera's claims are rather straightforward and simple. Rivera appears to be able to articulate them without assistance. Furthermore, he is able to find and cite authority. The real problem for Rivera is that he has no claim that this Court can exercise jurisdiction over, so it is unlikely he will succeed on the merits.

Rivera is no longer in custody, so any claims for injunctive relief are moot. For reasons explained in the Court's earlier order of dismissal, temporarily restricting Rivera's access to showers for security reasons does not give rise to a claim under the U.S. Constitution or any other federal law. Even though the alleged restriction lasted longer than is usually considered acceptable, Rivera had some soap and was able to wash in his cell, which mitigated the hardship. Courts have held that providing prisoners with alternative ways of keeping clean can avert a constitutional violation. *See, e.g., Unknown Parties v. Johnson,* 2016 WL 8188563, slip op. at *11 (D. Ariz., Nov. 18, 2016) (citing *Shakka v. Smith*, 71 F.3d 162, 168 (4th Cir. 1995)).

///

Furthermore, Rivera never alleged Defendant acted with a culpable state of mind; rather, the allegations suggest that the restrictions were imposed because of security concerns and not out of deliberate indifference to his health or safety. *See Lemire v. Cal. Dept. of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013).

And even assuming it turned out that the restrictions were found unconstitutional, it appears Defendant would be entitled to qualified immunity, because reasonable officers in those circumstances could have believed their actions were lawful. *See Hemphill v. Kincheloe,* 987 F.2d 589, 592 (9th Cir. 1993), as amended (June 15, 1993).

It is unclear whether the alleged violation of the California Penal Code's hygiene requirements might give Rivera might have some kind of claim under state law. But even if he has such a claim, the Court cannot exercise jurisdiction over it. It does not arise under federal law, the parties are not diverse, and there does not appear to be any other facts which would give the Court jurisdiction over these claims.

Rivera appears capable of articulating his claims without the assistance of counsel, but the likelihood of his succeeding on the merits is slim. The Court finds no exceptional circumstances are present, and Rivera's request for appointment of counsel is **DENIED**.

Because the October 2 deadline is approaching quickly and Rivera may not receive notice of this order before then, the deadline is extended by one week to October 9. If Rivera thinks he can successfully amend his complaint, he must file an amended complaint as ordered, by **October 9, 2017**. If Rivera needs an extension, he should file an ex parte motion (without obtaining a hearing date) requesting it, and any such motion should be filed well before the deadline. **If he does not file an amended complaint within the time permitted, this action will be dismissed without leave to amend.**

**IT IS SO ORDERED**.

Dated: September 29, 2017

Hon. Larry Alan Burns
United States District Judge

4

17cv1848-LAB (AGS)